UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | CASE NO. 8:14-cv-03593-GJH |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 72.66.79.79,** | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S OPPOSITION TO JOHN DOE'S
MOTION FOR EXTENSION OF TIME TO [CM/ECF 9]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), respectfully requests that the Court deny Defendant John Doe's Motion for Extension of time [CM/ECF 9], and states:

1. This is a copyright infringement case filed against a John Doe Defendant known to Plaintiff only by his IP address of 72.66.79.79 ("Doe Defendant").

2. On November 19, 2014 this Court entered an Order granting Plaintiff leave to subpoena Doe Defendant's Internet Service Provider, Verizon, so that it could identify Doe Defendant and proceed with its copyright infringement lawsuit [CM/ECF 6].

3. Plaintiff thereafter served a third party subpoena on Verizon demanding that it provide Doe Defendant's identifying information, and Verizon, in compliance therewith, notified Doe Defendant of this action and its intent to disclose his identity. As instructed by this Court's order, Verizon also informed Doe Defendant of his right to move to quash the subpoena within 30 days of receipt.

4. On or about February 9, 2015, Doe Defendant apparently filed a hand-written "Motion for Extension of Time," through which he vaguely states: "I received [a] packet of documents with not

enough time to respond or comply. I request the Court grant more time for me to evaluate civil charges by Plaintiff. … I also request the Court order 3rd party, Verizon Internet, to not disclose my personal information to Plaintiff' [CM/ECF 9]. Through this motion, Doe Defendant is presumably requesting an undefined enlargement of time within which to move to quash the Rule 45 subpoena served upon Verizon.

5.     Doe Defendant's motion does not appear on the docket (nor do docket entries seven and eight), and it was not forwarded to undersigned until March 2, 2015. Undersigned presumes that the motion remains pending and that the Court has not *sua sponte* denied same.

6.     Through the instant response, undersigned now expeditiously opposes Doe Defendant's unsupported and vague request for an enlargement of time, and requests that the Court enter an order denying same and directing Verizon to promptly comply with the subpoena and disclose Doe Defendant's identity so that Plaintiff may pursue this action and protect and enforce its copyrights.

7.     Doe Defendant is not entitled to an extension of time to move to quash the subpoena. Although he claims that he does not have enough time to "respond or comply," Doe Defendant is necessarily mistaken, as there is nothing for him to respond to or comply with. Rather, Doe Defendant has merely been notified of his right to move to quash the subpoena, should he believe he has a valid ground to do so. Doe Defendant has had ample time to so move, and it is not at all apparent that he even plans to file such a motion. Even if he does, Doe Defendant has made no effort to explain how or why an extension of time will enable him to raise viable or new arguments, or why he believes he will prevail on a motion to quash. *Moreover, since undersigned did not receive Doe Defendant's February 9, 2015 motion until last week, the Court must note that Doe Defendant has effectively already received the extension of time he requested.* Under the circumstances, and because Defendant may still raise any

defenses or denials of liability once Plaintiff receives his identity, his unsupported request for a vague enlargement of time would necessarily cause an unwarranted and needless delay.  Although minor delays are a natural part of litigation, an additional delay here will prejudice Plaintiff because Verizon only retains information related to its subscribers' identity for a finite period of time and because Federal Rule of Civil Procedure 1 mandates that controversies be resolved justly, speedily, and inexpensively.

For the foregoing reasons Plaintiff respectfully requests the Court deny Doe Defendant's request for an extension.

Dated: March 13, 2015

Respectfully submitted,

MALIBU MEDIA, LLC.
PLAINTIFF
By:   /s/ *Jon A. Hoppe*
Jon A. Hoppe, Esquire #6479
Counsel
Maddox, Hoppe, Hoofnagle &
    Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580