UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

March 25, 2015

RE: *Malibu Media, LLC v. John Doe, Subscriber assigned IP Address 72.66.79.79*,
    GJH-14-3593

### LETTER ORDER

Dear Counsel:

On November 19, 2014, the Court issued an Order permitting Plaintiff Malibu Media, LLC ("Malibu") to subpoena Verizon, the internet service provider of Defendant John Doe ("Doe Defendant"), in order to obtain the Doe Defendant's identity. *See* ECF No. 6. In doing so, the Court issued specific instructions to Verizon concerning how it must comply with the subpoena. For example, the Court required that, prior to producing any documents to Malibu, Verizon was required to provide the Doe Defendant with notice that Verizon will comply with the subpoena and produce to Malibu the information sought in the subpoena unless, within 30 days of service of the subpoena, the Doe Defendant files a motion to quash the subpoena. *See id.* at 3.

At some point after the Court's November 19, 2014, Malibu served its subpoena on Verizon. *See* ECF No. 10. The Doe Defendant, however, never filed a motion to quash. Instead, the Doe Defendant filed an *ex parte* motion indicating that the Doe Defendant received various documents from Verizon regarding Malibu's claims and requesting an extension of time to allow the Doe Defendant "to evaluate [the] civil charges by" Malibu. ECF No. 9. Although not expressly characterized as such, the Court will construe the Doe Defendant's motion as a motion for extension of time to file a motion to quash Malibu's subpoena.

As an initial matter, the Doe Defendant's *ex parte* motion for an extension of time was improperly filed and could be denied on this basis alone. While the Court appreciates the Doe Defendant's desire to preserve its anonymity, a motion for an extension of time should not be filed *ex parte*; rather, such motions should be filed on the public docket in redacted form, or, at most, under seal (in accordance with Loc. R. 105.11), to give Malibu an opportunity to respond to the motion. In this instance, however, Malibu appears to have received and opposed (*see* ECF No. 10) the Doe Defendant's motion, despite its *ex parte* status. The Court will therefore consider the Doe Defendant's motion fully briefed and rule accordingly. In the future, the Court may summarily deny any motions that are improperly filed *ex parte*.

Turning to the substance of the Doe Defendant's motion, the Court will GRANT its request. *See* ECF No. 9. Although the allotted thirty (30) days have passed during which the Doe

Defendant should have filed its motion to quash, the Court will nevertheless grant the Doe Defendant a brief extension. The Doe Defendant indicates that there may have been delays in receipt of its mail given the rental status of the home associated with IP address 72.66.79.79. *See* ECF No. 9. The Court therefore thinks a short, fourteen (14) day extension is appropriate. If, however, the Doe Defendant does not file a motion to quash by April 8, 2015, Malibu may petition the Court for an Order directing Verizon to comply with the subpoena at that time.

      Having granted the Doe Defendant's motion for an extension of time to file its motion to quash Malibu's subpoena, the Court will GRANT Malibu's motion for an extension of time within which it has to serve the Doe Defendant. *See* ECF No. 11. Malibu shall have sixty (60) additional days from the date of this Order to serve the Doe Defendant.

      Although informal, this is an Order of the Court and shall be docketed as such.

      Sincerely,

      /S/
George Jarrod Hazel
United States District Judge